**FILED
CLERK**

2:49 pm, Oct 28, 2019

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
ROBERT RAFFERTY,

               Plaintiff,

        -against-

HEMPSTEAD UNION FREE SCHOOL DISTRICT,
HEMPSTEAD UNION FREE SCHOOL DISTRICT
SCHOOL BOARD, FADHILIKA ATIBA-WEZA,
individually and in his official capacity, REGINA
ARMSTRONG, individually and in her official
capacity, RODNEY GILMORE, individually and in
his official capacity, And BETTY CROSS

               Defendants.
---------------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**
2:18-cv-03321 (ADS) (AYS)

**APPEARANCES**:

**Raiser & Kenniff**
*Attorneys for the Plaintiff*
300 Old Country Road Suite 351
11501, Suite 351
Mineola, NY 11501
       By:    Jonathan A. Tand, Esq., Of Counsel.

**The Scher Law Firm, LLP**
*Attorneys for the Defendants*
One Old Country Road Suite 385
Carle Place, NY 11514
       By:    Austin R. Graff, Esq., Of Counsel.

**SPATT, District Judge:**

On June 6, 2018, the Plaintiff brought this action stemming from various alleged discriminatory and retaliatory acts during his time as an employee of the Defendants.

On August 3, 2018, the Defendants filed a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On March 28, 2019, the Court referred the motion to dismiss to United States Magistrate Judge Anne Y. Shields for a recommendation as to whether the motion should be granted, and if so, what relief, if any, should be awarded.

On August 21, 2019, Judge Shields issued a Report and Recommendation ("R&R") recommending granting, in part, and denying, in part, the Defendants' motion as follows:

> [T]his Court respectfully recommends dismissal of all of the claims alleged pursuant to New York state law as time barred. The Court further recommends that the New York State law claims for negligent supervision/hiring and those for negligent and/or intentional infliction of emotional harm as well as any alleged pursuant to the New York State whistle blower statute and RICO be dismissed as abandoned.
>
> As to his Federal claims, the Court recommends that the motion to dismiss all claims of race discrimination be granted. The Court further recommends that the motion to dismiss Plaintiff's claim of First Amendment retaliation be denied Accordingly, as and set forth below, the Court recommends that Plaintiff be allowed to proceed only with the claim that he was terminated in retaliation for exercise of his First Amendment right to speech.

R&R at 1–2.

Presently before the Court are the Defendants' objections to the R&R. The Defendants concur with the vast majority of the R&R, but claim that it erred by recommending denial of the motion to dismiss with respect to the Plaintiff's First Amendment retaliation claim. As of today's date, the Plaintiff has neither objected to the R&R nor opposed the Defendants' objections. For the following reasons, the Court adopts the R&R, in part, and sustains the Defendants' objections to the R&R, in part.

## I. DISCUSSION.

### A. DISTRICT COURT REVIEW OF A MAGISTRATE JUDGE'S R&R.

In the course of its review of a Magistrate Judge's report and recommendation, the District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made

by the magistrate judge." 28 U.S.C. § 636 (b)(1); *see DeLuca v. Lord*, 858 F.Supp. 1330, 1345 (S.D.N.Y. 1994). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The district court must conduct a de novo review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The Court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F.Supp.2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985).

In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14-cv-3776, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (quoting *Ortiz v. Barkley*, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008))), *vacated on other grounds sub nom. Toth on behalf of T.T. v. City of New York Dep't of Educ.*, 720 Fed.Appx. 48, (2d Cir. Jan. 2, 2018); *Frankel v. City of N.Y.*, Nos. 06-Civ.-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) ("When a party makes only conclusory or general objections, or

simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."); *Pall Corp. v. Entergris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (holding that if the objecting party "makes only conclusory or general objections, ... the Court reviews the [R&R] only for clear error" (internal citations omitted)).

"The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." *McCarthy v. Manson*, 554 F.Supp. 1275, 1286 (D. Conn. 1982) (internal citations omitted). "There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Toth*, 2017 WL 78483, at *7 (*quoting Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y. 1992)).

**B. APPLICATION TO THE FACTS.**

As a preliminary matter, the Court notes that it has been more than fourteen days since the service of the R&R, and the Plaintiff has not filed objections. Therefore, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the portions of the R&R to which the Defendant filed no objections for clear error, and finding none, now concurs in both its reasoning and its result. *See Coburn v. P.N. Fin.*, No. 13-cv-1006, 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (Spatt, J.) (reviewing Report and Recommendation without objections for clear error). Accordingly, the Court dismisses with prejudice and without leave to replad all of the Plaintiff's state law claims and federal race discrimination claims.

The sole remaining issue is whether the Court should also dismiss the Plaintiff's First Amendment retaliation claim as to his termination, contrary to the recommendation of Judge Shields. The Court refers the parties to the R&R for a recitation of the facts pertinent to the claim. In support of her recommendation, Judge Shields wrote:

> With respect thereto, the Court also holds that Plaintiff has alleged fact sufficient to state a claim that he was terminated in retaliation for exercise of his First Amendment rights. This is because it is impossible to hold, at the pleadings stage herein that any speech forming the basis of Plaintiff's First Amendment claim is unprotected as a matter of law. It may be that, upon development of facts during discovery that no speech was, in fact protected. However, at this juncture dismissal is unwarranted.

R&R at 33. The Defendant objects that R&R incorrectly rejected the argument that the Plaintiff's speech was unprotected as a matter of law because it did not touch on a matter of public concern.

The Court applies clear error review to this objection because it is an attempt to rehash an argument litigated in the original motion papers. However, the Court must nonetheless sustain the objection because it respectfully disagrees with the R&R's determination that deciding the issue of whether the Plaintiff engaged in protected speech requires additional discovery. "The question of whether an employee's speech addresses a matter of public concern is one of law, not fact." *Santisi v. S. Huntington Union Free Sch. Dist.*, No. 03-cv-3847, 2006 WL 721320, at *4 (E.D.N.Y. Mar. 17, 2006) (citing *Connick v. Myers*, 461 U.S. 138, 148 n. 7 (1983); *Morris v. Lindau*, 196 F.3d 102, 112 (2d Cir. 1999)). "While determinations regarding the nature of speech are not often made in the context of motions to dismiss and often must await summary judgment, there are certainly cases where both the parameters of the plaintiff's duties, and the speech forming the basis of the complaint are so clear as to make the issue of whether speech is protected amenable to a motion to dismiss." *Nadolecki v. William Floyd Union Free Sch. District*, No. 15-cv-2915, 2016 WL 4768823, at *6 (E.D.N.Y. July 6, 2016), *report and recommendation adopted*, 2016 WL 4766268 (E.D.N.Y. Sept. 13, 2016).

Because the Plaintiff is a public employee, the Court must apply the two-step inquiry articulated by the Supreme Court into whether his speech is entitled to protection:

> The first [step] requires determining whether the employee spoke as a citizen on a matter of public concern. If the answer is no, the employee has no First Amendment

cause of action based on his or her employer's reaction to the speech. If the answer is yes, then the possibility of a First Amendment claim arises. The question becomes whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public.

*Lane v. Franks*, 573 U.S. 228, 237, 134 S.Ct. 2369, 2378 (2014) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)). Under this test, "the First Amendment protects a public employee from retaliation by his or her employer for the employee's speech only if 'the employee sp[eaks] [1] as a citizen [2] on a matter of public concern.'" *Singer v. Ferro*, 711 F.3d 334, 339 (2d Cir. 2013) (alterations in original) (quoting *Garcetti*, 547 U.S. at 418). To state a claim, a complaint at a minimum "must allege facts that plausibly show" that the Plaintiff satisfied these two steps. *Porter v. Half Hollow Hills Cent. Sch. Dist.*, No. 17-cv-5006, 2019 WL 4696384, at *4 (E.D.N.Y. Sept. 26, 2019).

Describing the first step, the Supreme Court distinguished between speech made as an employee and speech made as a private citizen, noting that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes." *Lane*, 573 U.S. at 237 (quoting *Garcetti*, 547 U.S. at 421). "The critical question ... is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." *Id.* at 240; *see Monz v. Rocky Point Fire Dist.*, 519 Fed.Appx. 724, 727 (2d Cir. 2013) (holding that expressions made pursuant to employee's official duties as captain of fire company were not constitutionally protected).

If the employee spoke as a private citizen, the court at the second step determines whether the employee spoke on a matter of public concern. *See Lane*, 573 U.S. at 241. "A matter of public concern is one that 'relat[es] to any matter of political, social, or other concern to the community.'" *Spencer v. Philemy*, 540 Fed.Appx. 69, 70 (2d Cir. 2013) (quoting *Singer*, 711 F.3d at 339). Courts

must take into consideration the "'content, form, and context'" of the speech. *See Lane*, 573 U.S. at 241 (quoting *Connick v. Myers*, 461 U.S. 138, 146 (1983)); *Singer*, 711 F.3d at 339.

Here, the Complaint lacks facts sufficient to plausibly allege that the Plaintiff satisfied either predicate for considering his speech protected. According to the Plaintiff, he was the Director of Facilities at the District. Although the Complaint fails to specifically articulate his job duties, it appears that the Plaintiff's responsibilities involved the administration of building resources and equipment. The Court's review of the Complaint further identified four potentially protected categories of speech in the form of his statements regarding the Defendants': (1) questionable hiring decisions; (2) wrongful allocation of district resources; (3) failure to properly pay invoices; and (4) failure to properly file lead testing reports. The Complaint never identifies a basis from which the Court could conclude that the Plaintiff made these statements as a citizen. Indeed, the Plaintiff cites the *absence* of facts in that regard as his proffered basis for denying the motion to dismiss. *See* ECF 19 at 12 ("[T]here is no such 'fact' in the pleading and indeed Defendants provide no citation for this proposition. As the motion is based on the pleading, and the pleading does not contain the allegedly fatal language, the motion is unfounded"). Moreover, the Complaint fails to specifically describe the content, form, or context of those statements, as is necessary for determining whether they raised matters of public concern.

In the Court's view, the statements appear to be internal comments that touch solely on administrative problems within the scope of the Plaintiff's employment. Thus, the Court concurs with the Defendant the facts in the Complaint fail to establish the Plaintiff engaged in protected speech. *See Anderson v. Nassau Cty. Dep't of Corr.*, 558 F. Supp. 2d 283, 301 (E.D.N.Y. 2008) (Spatt, J.) ("Here, the plaintiff was the Supervisor of Human Resources at the time she submitted her report to Zuaro outlining the administrative problems that she uncovered in the Unit. Thus,

Anderson's statements were made as part of her official duties, not as a citizen, and her claim pursuant to the First Amendment will be dismissed."); *Jeune v. Crew*, No. 16-cv-1107, 2017 WL 4357382, at *9 (E.D.N.Y. Sept. 29, 2017) ("Plaintiffs' respective complaints fail to allege 'more than a vague set of circumstances regarding speech which necessarily owed its existence to' their respective roles at Medgar Evers, and therefore Plaintiffs have not adequately alleged that they spoke as citizens rather than as public employees."); *Giachetto v. Patchogue-Medford Union Free Sch. Dist.*, No. 15-cv-3152, 2016 WL 5477605, at *2 (E.D.N.Y. Sept. 29, 2016) ("Plaintiff's vague allegations do not provide the Court with any basis to find that Plaintiff was speaking on a matter of public concern"); *Miles v. Baruch Coll.*, No. 07-cv-1214, 2008 WL 222299, at *5 (E.D.N.Y. Jan. 25, 2008) ("Plaintiff's own allegations demonstrate that she reported the alleged improprieties and illegal practices pursuant to her employment duties and her speech is analogous to the memorandum in *Garcetti*.").

However, the Court concurs with the R&R that additional facts might be probative. Considering the Complaint raised the Plaintiff's First Amendment retaliation claims in conjunction with his now-dismissed race-based retaliation claims, it is possible that an amended complaint focused solely on First Amendment retaliation would contain additional facts taking the Plaintiff's statements out of the context of his public employment and placing them in the realm of protected speech. For that reason, the Court will provide the Plaintiff an opportunity to amend the Complaint to fix the errors identified above. *See Thomas v. Bd. of Educ. of City Sch. Dist. of City of New York*, No. 09-cv-5167, 2011 WL 1225972, at *14 (E.D.N.Y. Mar. 29, 2011) ("Plaintiffs' second cause of action, alleging First Amendment retaliation, is dismissed for failure to state a claim. This Court grants Plaintiffs' request for permission to amend the complaint only."). If the Plaintiff intends to

withstand a motion to dismiss, the amended complaint must include specific factual allegations demonstrating he spoke as a private citizen on a matter of public concern.

## II. CONCLUSION.

For the foregoing reasons, the Court adopts the R&R, in part, and sustains the Defendants' objections to the R&R, in part. The Court grants the Defendants' motion to dismiss in its entirety. The Court dismisses the first, third, fourth, fifth, sixth, seventh, and eighth causes of action with prejudice and without leave to replead. The Court dismisses the second cause of action without prejudice and with leave to replead to allege a First Amendment retaliation claim as set forth above. The Plaintiff is directed to file an amended complaint no later than 30 days from the issuance of this opinion.

**SO ORDERED.**
Dated: Central Islip, New York
October 28, 2019

                                            ___*/s/ Arthur D. Spatt*_____
                                              ARTHUR D. SPATT
                                          United States District Judge